**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3554-22

LARRY L. LOATMAN JR.,

     Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT
OF HUMAN SERVICES,
DIVISION OF FAMILY
DEVELOPMENT,

     Respondent-Respondent.

_____

Submitted April 7, 2025 – Decided May 5, 2025

Before Judges Gummer and Jacobs.

On appeal from the New Jersey Department of Human Services, Division of Family Development, Case ID CS52997552A.

Larry L. Loatman Jr., appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Francis X. Baker, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Larry L. Loatman Jr. appeals from a final agency decision of the Office of Child Support Services - Administrative Enforcement Unit (OCSS) of the Division of Family Development of the Department of Human Services (DHS). In that decision, OCSS denied as untimely petitioner's request to contest a child-support levy placed on his credit-union account. Because petitioner did not demonstrate OCSS's decision was arbitrary, capricious, or unreasonable or lacked sufficient support in the record, we affirm.

I.

On May 15, 2023, OCSS issued to petitioner's credit union a Notice of Levy to Financial Institution, advising the credit union his account there had been "levied upon for payment of past due child support" in the amount of $4,053.85. OCSS instructed the credit union to "immediately encumber, block or freeze funds" up to $4,053.85 and to remit the levied funds after forty days to the New Jersey Family Support Payment Center (Payment Center) unless the credit union received a Notice to Financial Institution of Contest Filed or other instructions.

In a Notice of Levy to Obligor dated May 24, 2023, OCSS advised petitioner OCSS's records showed he owed $4,375.85 in past due child support

A-3554-22

and that a levy had been placed on his account with his credit union. OCSS explained the "levy requires your financial institution to freeze your account(s)," "to deduct funds up to the amount of past due child support," and to transmit those funds to the Payment Center. OCSS directed petitioner to complete an attached form if he wanted to contest the levy and to return the completed form by mail, fax, or email within thirty calendar days from the date of the Notice of Levy to Obligor. Thirty calendar days from the date of the May 24, 2023 Notice of Levy to Obligor was June 24, 2023.

The attached form contained a checklist of "valid reason(s)" for contesting the levy: "Mistaken Identity," "Incorrect Arrearage Amount," "Bankruptcy," "All funds belong to joint account holder," and "Other, including but not limited to Extreme Hardship pursuant to N.J.A.C. 10:110-15.2 (Please provide the information below)." The Notice stated in bold: "You must include specific reason(s) for your contest as well as any supporting documentation."

On July 6, 2023, petitioner sent an email to a Division email address provided in the Notice, stating he had received the day before notification he had a levy on his account. He stated he understood he was outside of the thirty-day period to contest the levy but asked the Division to consider his challenge of the levy. He identified three reasons for his challenge: he had two other

children whom he "care[d] for outside of the courts" who "also need[ed] financial assistance" from him, he was unable to pay his rent because his account had been frozen, and he had to pay someone to drive him to and from work because he did not own a car. He asserted in the email he had "no other assets" other than the frozen account. He sent with the email an uncertified statement from an individual concerning rent payments purportedly made by petitioner and an uncertified statement from the mother of two of his children indicating the amount he paid her monthly for child support "without the assistance of court."

In a document dated July 11, 2023, and entitled "Notice to Obligor – Late Receipt of Contest," OCSS notified petitioner it had received his request to contest the levy on July 6, 2023, and that because it was not received within thirty calendar days from the date of the original Notice of Levy to Obligor, OCSS would "not be able to honor [his] request."

This appeal followed. In his merits brief, petitioner argues OCSS erred in denying his contest of the levy, asserting he had "never missed a payment" and "is unable to sufficiently care for himself and his other dependents." He cited again his two other children, his rent, and his transportation costs. In his reply brief, petitioner states that "due to mailing issues in the area," he received the "letter" about the levy being placed on his account after the thirty-day period to

4

contest had passed. He asserts he "received notification of a levy on the account by contacting his banking institution on 7/05/23 via phone" and that he "immediately contested" it.

## II.

Our role in reviewing an administrative agency's decision is limited. Zilberberg v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 468 N.J. Super. 504, 509 (App. Div. 2021). We "recognize that state agencies possess expertise and knowledge in their particular fields." Caucino v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 475 N.J. Super. 405, 411-12 (App. Div. 2023) (quoting Caminiti v. Bd. of Trs., Police & Firemen's Ret. Sys., 431 N.J. Super. 1, 14 (App. Div. 2013)). Consequently, we review a quasi-judicial agency decision under a deferential standard of review and will affirm the decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)); see also Caucino, 475 N.J. Super. at 411.

In determining whether an agency action is arbitrary, capricious, or unreasonable, we consider "(1) whether the agency's decision conforms with relevant law; (2) whether the decision is supported by substantial credible

evidence in the record; and (3) whether, in applying the law to the facts, the administrative agency clearly erred in reaching its conclusion." Conley v. N.J. Dep't of Corr., 452 N.J. Super. 605, 613 (App. Div. 2018). "The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger." Parsells v. Bd. of Educ. of Somerville, 472 N.J. Super. 369, 376 (App. Div. 2022).

The New Jersey Child Support Improvement Act (Support Improvement Act), pertinently N.J.S.A. 2A:17-56.53 and -56.57, "authorizes DHS . . . to identify [an obligor's] financial assets, and to freeze and seize the funds in order to satisfy child support arrears." Spuler v. Dep't of Hum. Servs., 340 N.J. Super. 549, 550 (App. Div. 2001) (citing N.J.S.A. 2A:17-56.53(g)(2) and -56.57(d)). DHS uses its authority to locate and levy financial assets when "non-custodial parents . . . owe past due child support that equals or exceeds the amount of support payable for three months and for which no regular payments are being made." N.J.S.A. 2A:17-56.57(a); see also Spuler, 340 N.J. Super. at 551. DHS "shall provide notice of the intent to levy an account and an opportunity to contest the levy within 30 days of the date of the notice, in accordance with regulations adopted by the commissioner." N.J.S.A. 2A:17-56.57(f); see also N.J.A.C. 10:110-15.2(a)(4)(iii).

An accountholder may contest a levy for the "limited circumstances" set forth in N.J.A.C. 10:110-15.2(a)(4)(iii)(1)(A)-(F). Those "limited circumstances" enumerated in the regulation are the same "valid reason(s)" for a levy contest listed in the contest form provided to petitioner. "When DHS is notified of a valid contest, the case is put on hold, the account remains frozen, and the bank is directed not to remit the funds." Spuler, 340 N.J. Super. at 551; see also N.J.S.A. 2A:17-56.57(d) (the levied "assets shall be held and not distributed to any party until the contest period provided for in subsection f. of this section has expired or while an action on these assets is pending in court").

Here, OCSS had the statutory authority to levy petitioner's credit-union account, and it appropriately provided petitioner with a notice of levy as well as a contest form and instructions on how to contest the levy. As petitioner conceded in his email and as OCSS found, he did not submit his challenge to the levy within the applicable thirty-day window. In that email, he asserted he "just received notification" the day before. He did not submit any support for that assertion. For example, he did not submit a copy of the postmark of the Notice of Levy to Obligor, see N.J.A.C. 10:110-15.2(a)(4)(iii)(1), nor did he submit any sworn statement in support of his assertion. In his merits brief on appeal, petitioner said nothing about his late submission but waited until his reply brief

to make unsupported assertions about "mailing issues in the area." See Pannucci v. Edgewood Park Senior Hous. – Phase 1, LLC, 465 N.J. Super. 403, 409-10 (App. Div. 2020) (court declines to consider issue the plaintiff did not present in her initial appellate brief and "improperly saved . . . for her reply").  On that record, we have no reason to conclude OCSS acted arbitrarily, capriciously, unreasonably, or without support in the record in denying petitioner's request as untimely.

And even if his request was accepted as timely, petitioner failed to provide sufficient support to establish one of the "limited circumstances" for a valid contest of a child-support levy.  N.J.A.C. 10:110-15.2(a)(4)(iii)(1)(A)-(F).  Of the circumstances listed in the regulation, the only one that potentially could apply based on the information submitted with petitioner's July 6, 2023 email is "[e]xtreme hardship."  Under  N.J.A.C. 10:110-15.2(a)(4)(iii)(2), "[e]xpedited review may occur in hardship cases involving homelessness, job loss, physical incapacitation or severe financial hardship as determined by OCSS."  Petitioner did not demonstrate he was experiencing any of those situations.  He showed how much his rent and other child-support obligations were and referenced transportation costs but provided no information regarding his income and no support for the bald assertion he had no other assets.

Applying our settled standard of review, we conclude OCSS did not act arbitrarily, capriciously, or unreasonably in denying petitioner's request and its decision to deny his request was sufficiently supported by evidence in the record. Accordingly, we affirm the July 11, 2023 final agency decision denying his request.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division